Below is an Order of the Court.

_____

PETER C. McKITTRICK
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>HemCon Medical Technologies, Inc.,<br><br>       Debtor. | Case No. 16-30119-pcm11<br><br>**ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE, AND (C) ESTABLISHING OBJECTION DEADLINES** |

      This matter came before this Court on Debtor's Second Amended Motion for Order Approving (A) Bid and Sale Procedures Including Break-Up Fee to Tricol International Group Limited ("Tricol") as Stalking Horse Bidder; (B) Sale of Debtor's Assets Free and Clear of Liens, Claims and Encumbrances; and (C) Assumption and Assignment of Executory Contracts (the "Motion") [ECF #50] filed by Debtor on January 26, 2016. The Court having held an initial hearing on the Motion on February 8, 2016 and having considered the submissions and arguments of counsel and the files and records herein, and being now fully advised of the premises,

      THE COURT FINDS as follows:

**Page 1 of 8** - ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE, AND (C) ESTABLISHING OBJECTION DEADLINES

A. This Court has jurisdiction over the Chapter 11 case of HemCon Medical Technologies, Inc. ("Debtor") (the "Bankruptcy Case"), this Motion and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The notice provided regarding the Motion constitutes sufficient and adequate notice. No other or further notice in connection with the entry of this Order is or shall be required.

C. The Bid Procedures (attached as Exhibit 1 to this Order) were proposed by Debtor in good faith with the goal of maximizing the value of the Assets (defined below) for the benefit of all creditors of the estate and other parties-in-interest. Debtor has articulated good and sufficient reasons for authorizing and approving the Bid Procedures, which are reasonable and appropriate under the circumstances and designed to maximize the recovery on, and realizable value of, the Assets.

D. Debtor's proposed sale notice (attached as Exhibit 2 to this Order) is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of this Order, the sale, the auction, and the assumption procedures.

E. Approval of the reasonable out-of-pocket expense reimbursement to Tricol up to the maximum amount of $200,000 as a Break-Up Fee is necessary and appropriate to compensate Tricol for (1) making the initial offer that serves as the floor for further bidding, and (2) negotiating and entering into an Asset Purchase Agreement.

F. The Bid Procedures (including the Break-Up Fee) are fair and reasonable. The Bid Procedures represent an exercise of the Debtor's sound business judgment, will facilitate an orderly sale process, and are in the best interests of Debtor's estate.

G. On or about January 6, 2016, the Debtor entered into an Asset Purchase Agreement providing for the sale to Tricol (or its newly formed affiliate) of substantially all of

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Debtor's assets ("Assets") as more particularly described in the Asset Purchase Agreement (the "APA"). In the event of an inconsistency between the APA and this Order, the terms of this Order shall be controlling.

H.  Entry of this Order is in the best interests of Debtor, its estate, creditors and other parties-in-interest.

Now, therefore,

IT IS HEREBY ORDERED as follows:

1.  The Motion is granted to the extent set forth below.

2.  The Bid Procedures attached as Exhibit 1 are hereby approved and shall be used in connection with the proposed sale of the Assets.

3.  All responses or objections to the Motion that relate to the Bid Procedures that have not been withdrawn, waived or settled are overruled.

4.  Any objections to the proposed sale shall be in writing and filed with this Court no later than **March 18, 2016 at 5:00 p.m. Pacific time**. Any party filing such an objection must attend the Sale Hearing and advocate its objection at such hearing. Any objection not filed, served, and/or advocated in accordance with this paragraph may be deemed waived and may be forever barred. Any party filing an objection by March 18, 2016 shall be deemed, to the extent such party would otherwise have standing, to be able to raise any issue concerning the conduct of the auction, including the selection of the winning bid, at the Sale Hearing. Notwithstanding the above, the Official Committee of Unsecured Creditors ("Committee") and Sussex Associates, LP ("Sussex") may raise any issue regarding the conduct of the Auction, including the selection of the winning bid, by filing an objection on or before 12:00 p.m. on April 5, 2016.

5.  The Auction for the Assets will be held on **April 4, 2016, at 10:00 a.m. Pacific time**, at the offices of Tonkon Torp LLP, 888 SW Fifth Avenue, Suite 1600, Portland,

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Oregon 97204.

6.        The Sale Hearing will be conducted on **April 6, 2016 at 10:00 a.m.
Pacific Time** before the Honorable Peter C. McKittrick in U.S. Bankruptcy Court, Courtroom
No. 1, 1001 SW Fifth Avenue, Portland, Oregon 97204, to consider the entry of an order
providing and approving, *inter alia*, the following:  (a) the sale or other disposition of Debtor's
assets to Successful Bidder or Bidders free and clear of all liens, claims, interests, obligations,
and encumbrances in accordance with 11 U.S.C. § 363(f); (b) that Successful Bidder or Bidders
have not assumed any liability or obligations (except as specifically assumed); (c) that
Successful Bidder or Bidders are not successors to Debtor; (d) that all persons who have received
notice are bound by the order and are enjoined from pursuing Successful Bidder or Bidders to
recover on any claims they may have against Debtor; and (e) that the sale agreement or
agreements were entered into in good faith, without collusion, and from arms' length bargaining
positions.  Debtor shall be deemed to have accepted a bid and the Successful Bidder determined
only when the bid for the Assets has been approved by the Court at the Sale Hearing.

7.        The Break-Up Fee of Tricol's reasonable out-of-pocket expenses up to
$200,000 is approved.  Debtor is authorized to pay the Break-Up Fee in accordance with the
terms set forth in the APA.  In the event that Tricol is not the Successful Purchaser, the Break-Up
Fee shall be treated as an administrative expense claim in the Bankruptcy Case payable solely
from and secured by a first priority lien on the sale proceeds and any sale deposit under
Section 364(d) of the Bankruptcy Code.  As applicable, the Break-Up Fee shall be paid to Tricol
at the closing of such sale or disposition of the sale deposit prior to the payment of the proceeds
of such sale to any third party asserting a lien on the Assets, and shall be free and clear of any
such lien.

8.        The Assumption Procedures are hereby approved as set forth below.

**Notice of Cure Procedures.**  Debtor will file a cure
schedule (the "Cure Schedule") and serve such

**Page 4 of 8** -    ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN
AUCTION AND HEARING TO CONSIDER SALE, AND (C) ESTABLISHING
OBJECTION DEADLINES

schedule and Assumption and Assignment Notice by first class mail on the parties to those executory contracts and unexpired leases that will be included in any sale and those other executory contracts and unexpired leases that may be included in the sale (the "Assumed Agreements") by **March 4, 2016**. The Cure Schedule will include the (i) Assumed Agreements; (ii) the name and contact information of the counterparty to each Assumed Agreement; and (iii) the proposed cure amount for each Assumed Agreement.

**Objections.** Any objection to the assumption and assignment of the Assumed Agreements identified on the Cure Schedule, including the cure amount set forth on such schedule and to adequate assurance of future performance must be filed with the Bankruptcy Court no later than **March 18, 2016**.

**Resolution of Objections**. If no objection is timely filed to the assumption and assignment of an Assumed Agreement, the counterparty to such Assumed Agreement will be barred from objecting thereto and shall be deemed to consent to the assumption and assignment of such Assumed Agreement. If no objection is timely filed to the proposed cure amount with respect to an Assumed Agreement, then the cure amount set forth in the Cure Schedule shall be binding upon the non-debtor party to such Assumed Agreement for all purposes in this Chapter 11 case and will constitute a final determination of the total cure amounts required to be paid in connection with the assumption and assignment thereof.

9.      If a timely objection is filed to the assumption and assignment of any

unexpired contract or unexpired lease and such objection cannot otherwise be resolved by the

parties, the Bankruptcy Court may hear such objection at the Sale Hearing, or any adjourned date

thereof. The pendency of a dispute relating to a proposed cure amount will not delay the closing

of the sale, including the assumption and assignment of Assumed Agreements necessary to

effectuate such closing, provided, that for any dispute relating to a proposed cure amount that is

unresolved by the date of the closing of the sale, Debtor shall escrow the cure amount proposed

with respect to such unresolved objection pending such resolution.

**Page 5 of 8** -      ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE, AND (C) ESTABLISHING OBJECTION DEADLINES

10. The Sale Notice, substantially in the form attached hereto as Exhibit 2, is hereby approved.

11. The failure of any third party to file and serve an objection as ordered and directed herein shall be deemed the consent of such a party to the sale and transfer of the Assets to Tricol or the Successful Purchaser (including the assumption and assignment of the Assumed Agreements and the fixing of any applicable Cure Costs).

12. The APA is approved, subject to the following modifications:

A. **Section 1.2(k):** The words "excluding avoidance powers under Chapter 5 of the Bankruptcy Code" are hereby changed to "excluding: (a) all avoidance powers and claims arising under Chapter 5 of the Bankruptcy Code, including, without limitation, all rights to recover amounts so avoided; (b) all surcharge claims arising under section 506(c) of the Bankruptcy Code; and (c) all claims against current and former directors and officers of the Debtor (collectively, the "Excluded Claims"), which Excluded Claims shall be deemed to include all amounts payable on account of director and officer liability policies in connection with same.

B. **Section 1.3(e):** This section shall be deleted and replaced with the following: "Excluded Claims. All Excluded Claims (as defined above)."

C. **Section 1.4(d):** This section shall be deleted and replaced with the following: "**Administrative Expenses**. All post-petition administrative expense claims up to the date of Closing, subject to Court approval, if necessary, that have not been previously paid (including professional fees and expenses, but excluding (a) any fee payable to an investment banking firm that may be retained and (b) to the extent that other professional fees and expenses exceed $194,000 in the aggregate, any fees and expenses not reasonably necessary for administration of the bankruptcy case prior to Closing). For the sake of clarity, fees shall be deemed "reasonably necessary for administration of the bankruptcy case" to the extent reasonably incurred in connection with the diligent representation of a client in the case, and could not have reasonably been postponed until after the Closing given the situation. If the professional fees become an issue, and the parties cannot agree on a reasonable resolution, the parties agree that the Court shall decide the issue. At Closing, Buyer shall deposit with the Seller's bankruptcy counsel or a mutually agreeable third party escrow agent, the estimated amount of the professional fees (the "Fee Escrow"), which amount may be paid to professional administrative claimants after Court approval, if appropriate, as allowed by the

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Bankruptcy Court. If the Fee Escrow is insufficient to fully satisfy Buyer's obligations hereunder, Buyer will replenish it as needed. To the extent there is an overage in the Fee Escrow after above professional Administrative Expense claims have been paid in full, such overage will be promptly refunded to Buyer.

D.    **Section 2.1:** The amount required to be paid by Buyer for D&O "Tail" insurance (up to $150,000) will be determined prior to the Auction and paid to Debtor or the insurance provider at Closing.

E.    **Section 2.2(a):** The words "Chapter 5 claims" in this section shall be replaced with the words "Excluded Claims (as defined above)".

F.    **Section 3.1:** Notwithstanding anything in this section or the APA generally, the Closing shall take place as set forth in the Bid Procedures.

G.    **Section 11.1:** This section shall be deemed to end with the following additional language "provided, however, that notwithstanding the foregoing, Buyer agrees to fund administrative expenses as provided for herein and in the Bid Procedures Order."

H.    **Schedule 4.6:** The APA schedules are amended to remove the GuardIVa trademark as an asset owned by Debtor and shall not be included in the sale.

I.    **Section 8.4:** Notwithstanding section 8.4 and any other provision of the APA, there will be no waiver or release by Debtor of any claims against officers, director or employees including in any associated employment agreements.

13.    Sussex waives its right to credit bid. Sussex's security interest and lien, if any, shall attach only to the cash portion of the Purchase Price set forth in paragraph 2.1(a) of the APA, as modified above, and any increase in that component of the Purchase Price resulting from the Auction and Sale Order.

14.    Pursuant to the Guidelines Regarding Motions for Sale of All or Substantially All Assets and Sale Procedures Motions adopted by the Bankruptcy Court on March 8, 2010 (LBF 363), Debtor is hereby excused from the requirement of using Local Bankruptcy Form 760.5 [Notice of Intent to Sell Real or Personal Property, Compensate Real Estate Broker, and/or Pay and Secured Creditor's Fees and Costs; Motion for Authority to Sell Property Free and Clear of Liens; and Notice of Hearing].

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

15.     As provided by Bankruptcy Rule 6004(h), this Order shall not be stayed for 14 days after the entry thereof and shall be effective and enforceable immediately on its entry on the docket.

16.     Unless otherwise specified, all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

# # #

I hereby certify that I have complied with the requirements of LBR 9021-1(a).


Presented by:

TONKON TORP LLP


By_/s/ Timothy J. Conway_
        Albert N. Kennedy, OSB No. 821429
        Timothy J. Conway, OSB No. 851752
        888 S.W. Fifth Avenue, Suite 1600
        Portland, OR 97204-2099
        Telephone:     503-221-1440
        Facsimile:     503-274-8779
        E-mail:        al.kennedy@tonkon.com
                       tim.conway@tonkon.com
        Attorneys for Debtor

cc:     List of Interested Parties

036291/00001/3567879v4

**Page 8 of 8** -   ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE, AND (C) ESTABLISHING OBJECTION DEADLINES

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 16-30119-pcm11    Doc 99    Filed 02/10/16

# EXHIBIT 1

**Bid Procedures**

1  **Albert N. Kennedy**, OSB No. 821429 (Lead Attorney)
        Direct Dial:  (503) 802-2013
2       Facsimile:    (503) 972-3713
        E-Mail:       al.kennedy@tonkon.com
3  **Timothy J. Conway**, OSB No. 851752
        Direct Dial:  (503) 802-2027
4       Facsimile:    (503) 972-3737
        E-Mail:       tim.conway@tonkon.com
5  **TONKON TORP** LLP
   1600 Pioneer Tower
6  888 S.W. Fifth Avenue
   Portland, OR  97204
7
        Attorneys for Debtor
8

9

10

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

11

| | |
|---|---|
| In re | Case No.  16-30119-pcm11 |
| HemCon Medical Technologies, Inc., | **BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS** |
| Debtor. | |

16      These Bid Procedures have been approved by order of the United States
Bankruptcy Court for the District of Oregon (the "Court") in connection with the above-
17  captioned bankruptcy case of HemCon Medical Technologies, Inc. ("Debtor" or
"Seller") (the "Bid Procedures Order").

18

19      These Bid Procedures set forth the process by which Debtor is authorized to
conduct the sale (the "Sale") by auction (the "Auction") of substantially all of Debtor's
20  assets as more particularly described in the Asset Purchase Agreement (the "Assets").
These Bid Procedures also set forth the terms by which prospective bidders may qualify
21  for and participate in the Auction, thereby competing to make the highest or otherwise
best offer for the Assets.

22  **A.      Stalking Horse Bidder**

23      On January 6, 2016, Debtor and Tricol International Group limited ("Tricol")
entered into an Asset Purchase Agreement as the Stalking Horse APA ("APA") for the
24  acquisition of Debtor's assets as described in the APA and as amended by the Bid
Procedures Order.  Among other things, Tricol agreed that Tricol or its newly formed
25  affiliate would pay a purchase price for the Assets consisting of (a) $1,600,000 plus
(b) the total amount of the Assumed Liabilities, plus (c) the amount required to maintain
26  D&O tail insurance for Seller following the Closing (to be determined prior to the

**Page 1 of 7** -   BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF
            BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF
            DEBTOR'S ASSETS

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440
                                                            Exhibit 1
Case 16-30119-pcm11    Doc 99    Filed 02/10/16              Page 1 of 7

Auction date but not in excess of $150,000), plus (d) the total obligation owed by Seller under the DIP Credit Facility (as defined in the APA), and (e) the total obligation owed under the Pre-Petition Loan (as defined in the APA) (the "Purchase Price"), subject to the outcome of the Auction and the entry of an order of the Court (the "Sale Order") approving the sale of the Assets; and Debtor agreed to pay to Tricol a break-up fee of Tricol's reasonable out-of-pocket expenses up to $200,000 (the "Break-Up Fee") in the event that the Court approves, and Debtor consummates, the acquisition of substantially all of the Assets by any Person or combination of Persons other than Tricol. The total value of the Purchase Price is approximately $3,600,000. The specific amount of the Purchase Price , Break-Up Fee and Opening Bid, after calculating the amounts set forth in subsections (b), (c), (d) and (e) above, will be announced prior to the commencement of the Auction. A copy of the Asset Purchase Agreement has been filed with the Court and may be obtained by contacting counsel for Debtor, Albert N. Kennedy or Timothy J. Conway at (503) 221-1440.

**B.    Participation Requirements**

To participate in the bidding process and to obtain access to due diligence materials, a person (other than Tricol) interested in purchasing the Assets (a "Potential Bidder") must deliver (unless previously delivered) to both Debtor and counsel for Debtor the following (the "Preliminary Bid Documents"):

(1)    An executed confidentiality agreement in form and substance acceptable to Debtor and its counsel;

(2)    Preliminary written proof by the Potential Bidder of its financial capacity to close the proposed transaction, including, but not limited to, its ability to satisfy the standards to provide adequate assurance of future performance of any contracts and leases to be assumed and assigned under Section 365 of the Bankruptcy Code, which may include current unaudited or verified financial statements of, or verified financial commitments (i.e., banking or capital references) obtained by, the Potential Bidder (or, if the Potential Bidder is an entity formed for the purpose of acquiring the property to be sold, the party that will bear liability for a breach), the adequacy of which must be deemed satisfactory to Debtor in its reasonable business judgment and in consultation with the Official Committee of Unsecured Creditors (the "Committee") and Sussex Associates, LP ("Sussex").

As soon as practicable, and in any event within two business days after a Potential Bidder delivers the Preliminary Bid Documents, Debtor shall determine and notify the Potential Bidder whether such Potential Bidder has submitted acceptable Preliminary Bid Documents. Debtor shall work with Potential Bidders during the two business-day period (as it may be extended by Debtor) to attempt to correct or cure any deficiencies in any Preliminary Bid Documents. Only those Potential Bidders whose Preliminary Bid Documents have been deemed acceptable at the end of such two business-day period (as it may be extended by Debtor) (each, an "Acceptable Bidder") may conduct a due diligence review with respect to the Assets or submit bids to acquire the Assets. Tricol is deemed an Acceptable Bidder.

**Page 2 of 7 -**   BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Exhibit 1
Page 2 of 7

Case 16-30119-pcm11    Doc 99    Filed 02/10/16

**C.     Obtaining Due Diligence Access**

        After receipt of an executed confidentiality agreement and notification of Acceptable Bidder status, Debtor will provide each Acceptable Bidder reasonable due diligence information, as requested, including access to any electronic data room, as soon as reasonably practicable after such request.  Debtor shall be entitled to use its business judgment in determining the extent to which a Potential Bidder is entitled to receive confidential competitive information.

**D.     Bid Requirements**

        Any Acceptable Bidder that is interested in being a participant in the Auction and acquiring all or substantially all of the Assets (each a "Bidder") must submit a "Bid" as provided herein prior to 5:00 p.m. Pacific time on **March 18, 2016** (the "Bid Deadline"). Any such Bid must:

        (1)     Identify the bidder, i.e., including any party for whom it may be bidding with or on behalf and contain a sworn statement disclosing whether the bidder is a party to any agreement limiting the bidders at the Auction and any relation of such parties to Debtor and to any officers or directors of Debtor since January 1, 2015 (a list of which can be obtained from Debtor's counsel).  This provision shall apply to Tricol as well.

        (2)     Contain (a) a signed definitive asset purchase agreement in substantially the form of the APA (a "Competing Purchase Agreement") and (b) a comparison of such Competing Purchase Agreement to the APA, showing all the differences between the two.  A Competing Purchase Agreement must:

                (i)      Be in form and substance reasonably satisfactory to Debtor in consultation with the Committee and Sussex;

                (ii)     Clearly designate the assets to be acquired (which must be all or substantially all of the Assets);

                (iii)    Provide for a purchase price with respect to such Assets in an amount that is at least equal to the Purchase Price, plus $450,000 (the "Initial Overbid Amount");

                (iv)    Provide that the Bidder will forfeit the Sale Deposit (defined below), as liquidated damages if such purchaser defaults under the Competing Purchase Agreement;

                (v)     Not be subject to any (a) financing contingency; (b) contingency relating to the completion of unperformed due diligence; (c) contingency relating to the approval of the Bidder's board of directors or other internal approvals or consents; or (d) any conditions precedent to the Bidder's obligation to purchase the Assets, other than those conditions included in the APA; and

**Page 3 of 7** -   BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF
                BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF
                DEBTOR'S ASSETS

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 16-30119-pcm11    Doc 99    Filed 02/10/16

Exhibit 1
Page 3 of 7

| | | |
|---|---|---|
| 1 | | (vi) Not provide for the payment to the Bidder of any Break-Up Fee, topping fee, expense reimbursement or other similar fee or arrangement. |
| 2 | | |

(3) Include a deposit equal to $400,000 of the Bid (the "Sale Deposit") in the form of either a wire transfer to an account specified by Debtor or a certified check. The Sale Deposit shall be held in escrow by Debtor in a segregated account pending the closing of the sale. The full amount of the Sale Deposit shall be forfeited as liquidated damages if such Bidder is the Successful Purchaser (defined below) and fails to close the transaction because of a breach or failure to perform on the part of the Successful Purchaser.

(4) To the extent not previously provided to Debtor, be accompanied by evidence satisfactory to Debtor in its reasonable business judgment that the Bidder as determined in consultation with the Committee and Sussex: is willing, authorized, capable and qualified financially, legally and otherwise, of performing all obligations under its proposed Competing Purchase Agreement in the event it submits the Successful Bid (as hereinafter defined) at the Auction, including its ability to provide adequate assurances under the Bankruptcy Code.

(5) Be submitted to counsel for Debtor so as to be received not later than the Bid Deadline. Any Bid that meets all of the foregoing requirements, as determined by Debtor in its good faith discretion, in consultation with the Committee and Sussex, shall be considered a "Qualified Bid." Counsel for Debtor shall, as soon as practicable, send a copy of each Qualified Bid received, if any, to the following parties: (i) counsel to Tricol; (ii) counsel to the secured lenders, (iii) counsel to the Committee; and (iv) counsel to each Bidder submitting a Qualified Bid (or if a Bidder does not have counsel, to the Bidder).

**E. Evaluation of Qualified Bids**

Prior to the Auction, Debtor shall evaluate the Qualified Bids, shall consult with the Committee and Sussex, and shall identify the Qualified Bid that is, in Debtor's business judgment, the highest or otherwise best bid (the "Starting Bid"). No later than **March 23, 2016**, Debtor shall notify Tricol and all parties who have submitted Qualified Bids as to whether there will be an Auction, and if so, which Qualified Bid is the Starting Bid.

**F. No Qualified Bids**

If no Qualified Bids are received by the Bid Deadline, then the Auction will not occur and Tricol will be deemed the Successful Purchaser. Subject to the termination rights under the APA, Debtor will immediately pursue entry of a Sale Order by the Court approving the APA and authorizing the sale of the Assets to Tricol.

**G. Auction**

In the event Debtor determines that one or more Bids are Qualified Bids, then Debtor will conduct the Auction on **April 4, 2016 at 10:00 a.m. Pacific time** (the

**Page 4 of 7** - BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Exhibit 1

Case 16-30119-pcm11    Doc 99    Filed 02/10/16    Page 4 of 7

"Auction") with respect to the sale of the Assets at the offices of Tonkon Torp LLP, 888 SW Fifth Avenue, Suite 1600, Portland, OR 97204, or at such other location as may be designated by Debtor.

The Auction will be conducted in accordance with the following procedures (the "Auction Procedures"):

(1)     The Qualified Bidders, including Tricol, shall appear in person or through duly-authorized representatives at the Auction.

(2)     Only Qualified Bidders, including Tricol, shall be entitled to bid at the Auction.

(3)     Bidding at the Auction shall begin at the Starting Bid.

(4)     Subsequent bids at the Auction, including any bids by Tricol, shall be made in minimum increments of $200,000 or as otherwise agreed by the Bidders or as set by Debtor in consultation with the Committee and Sussex.

(5)     For purposes of determining Tricol's bid amounts, Tricol shall receive a credit equal to the Break-Up Fee in each round of bidding.  Prior to the Auction, Tricol will provide back-up information supporting the specific amount of the Break Up Fee to be used for credit bidding purposes.

(6)     All bidding will be open and transparent to all persons permitted to attend the Auction.

(7)     The bidding may be transcribed by a certified court reporter to ensure an accurate recording of the bidding at the Auction.

(8)     Each Qualified Bidder will be required to confirm on the record at the Auction that it has not colluded with any other person with respect to the bidding or the Sale.

(9)     The Auction shall be governed by such other procedures as may be announced by Debtor or its counsel from time to time at the Auction; provided that any such other procedures shall not be inconsistent with the Bid Procedures Order or any other order in Debtor's Chapter 11 case and Debtor will consult with the Committee and Sussex concerning proposed changes.

**H.     Acceptance of the Successful Bid**

Upon the conclusion of the Auction (if such Auction is conducted), Debtor, in the exercise of its reasonable, good-faith business judgment, and in consultation with the Committee and Sussex, shall identify the highest or otherwise best bid (the "Successful Bid").  The Qualified Bidder having submitted the Successful Bid shall be deemed the "Successful Purchaser."  The Successful Purchaser and Debtor shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments or other documents evidencing and containing the terms upon which the Successful Bid was made.

**Page 5 of 7** -   BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Exhibit 1

Case 16-30119-pcm11    Doc 99    Filed 02/10/16         Page 5 of 7

Debtor will present the results of the Auction to the Court at the Sale Hearing, at which certain findings will be sought from the Court regarding the Auction, including, among other things, that (1) the Auction was conducted, and the Successful Purchaser was selected, in accordance with these Bid Procedures, (2) the Auction was fair in substance and procedure, (3) the Successful Bid was a Qualified Bid, and (4) consummation of the Sale contemplated by the Successful Bid is in the best interests of Debtor and its estate.

If an Auction is held, Debtor shall be deemed to have accepted a Qualified Bid only when (1) such bid is declared the Successful Bid at the Auction or by the Court, and (2) definitive documentation has been executed in respect thereof. Such acceptance is conditioned on approval by the Court of the Successful Bid and the entry of an Order approving such Successful Bid.

## I.    Bankruptcy Court Approval of Sale

A hearing to consider approval of the sale to the Successful Purchaser (or to approve the APA if no Auction is held) (the "Sale Hearing") and seek entry of a Sale Order is presently scheduled to take place at **10:00 a.m. on April 6, 2016 Pacific time** or at such other time as is announced at the auction by Debtor. The Sale Hearing will be held before the Honorable Peter C. McKittrick, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Oregon, in Courtroom No. 1, 1001 SW Fifth Avenue, Portland, Oregon. Debtor and the Successful Purchaser, once the Successful Purchaser has been determined, shall each use their commercially reasonable efforts, and shall cooperate, assist and consult with each other, to secure the entry of a Sale Order in a form reasonably acceptable to Debtor and the Successful Purchaser. Any objections to the sale must be filed with the Court by **5:00 p.m. Pacific time on March 18, 2016** other than as specifically set forth herein.

The Sale Hearing may be continued to a later date by Debtor by sending notice to all prospective bidders prior to, or making an announcement at, the Sale Hearing. No further notice of any such continuance will be required to be provided to any party.

## J.    Designation of Back-Up Bidder

Upon the conclusion of the Auction and the selection of the Successful Purchaser, Debtor shall select the person submitting the next highest or otherwise best bid (the "Back-Up Bidder"). The bid of the Back-Up Bidder shall remain open until the second business day following the closing of a sale to the Successful Purchaser. If for any reason the Successful Purchaser is unable or unwilling to consummate an approved sale because of breach or failure to perform on the part of the Successful Purchaser, (1) it will forfeit its Sale Deposit to Debtor as liquidated damages in lieu of any other damages with respect to such breach, and (2) the Back-Up Bidder shall be deemed to be the Successful Purchaser. The purchase price shall be the amount of such Back-Up Bidder's last bid, and Debtor shall be authorized to effectuate the sale to the Back-Up Bidder without further order of the Bankruptcy Court. If, for any reason, the Back-Up Bidder fails to perform, Tricol agrees that if Debtor tenders full performance of all of its obligations under the APA to Tricol on or before April 30, 2016, and the APA is not otherwise materially breached by Debtor, Tricol shall purchase the Assets under the terms of Tricol's highest bid at the Auction and pursuant to the terms of the APA.

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Exhibit 1
Page 6 of 7

**K.  Closing**

Closing of the sale to the Successful Purchaser shall occur on or before **April 8, 2016** or the earliest practicable date after entry of the Sale Order, whichever comes first. The Closing may be extended by (a) agreement of Debtor and the Successful Purchaser and (b) the Successful Purchaser providing advance funding sufficient to cover the projected operating costs to be incurred by Debtor during such period, provided, however, that in no event will closing be later than **April 29, 2016**.  Debtor shall be under no obligation to agree to an extension.

**L.  Break-Up Fee and DIP Credit Facility**

At the closing of the sale to the Successful Purchaser, if the Successful Purchaser is not Tricol, Debtor shall cause the closing agent to pay the Break-Up Fee and the total obligation owed by Debtor under the DIP Credit Facility to Tricol by wire transfer in immediately available funds to an account designated by Tricol.

**M.  Return of Sale Deposit**

The Sale Deposit of the Successful Purchaser shall, upon consummation of the sale, be credited to the purchase price paid by the Successful Purchaser.  If the Successful Purchaser fails to consummate the sale, then the full amount of the Sale Deposit shall be forfeited to, and be retained irrevocably by, Debtor.

The Sale Deposit of any unsuccessful Qualified Bidder will be returned to such unsuccessful Qualified Bidder within two business days after (1) the conclusion of the Auction (if the Bidder does not submit the Successful Bid and is not designated the Back-Up Bidder) or (2) consummation of the sale (if the Bidder is designated the Back-Up Bidder).

**N.  Reservation of Rights to Modify Bid Procedures**

Debtor, following consultation with the Committee and Sussex, reserves the right to modify these Bid Procedures in any manner that will best promote the goals of the bidding process and may impose, at or prior to the Auction, additional customary terms and conditions on the sale, including, without limitation, extending the deadlines set forth in these Bid Procedures, postponing or adjourning the Auction including at the Auction, and/or adjourning the Sale Hearing in open court without further notice.

DATED this _____ day of February, 2016.

TONKON TORP LLP

By _____
Albert N. Kennedy, OSB No. 821429
Timothy J. Conway, OSB No. 851752
Attorneys for Debtor

036291/00001/3567574v2

**Page 7 of 7** -  BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 16-30119-pcm11     Doc 99     Filed 02/10/16

Exhibit 1
Page 7 of 7

# EXHIBIT 2

## Sale Notice

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 16-30119-pcm11 |
| HemCon Medical Technologies, Inc., | **NOTICE OF MOTION TO APPROVE SALE OF ASSETS TO TRICOL INTERNATIONAL GROUP LIMITED OR HIGHER AND BETTER BIDDER AT AUCTION, AUCTION, BIDDING PROCEDURES, SALE HEARING, AND OBJECTION DEADLINES** |
| Debtor. | |

     **PLEASE TAKE NOTICE** that HemCon Medical Technologies, Inc.( "Debtor") moved for approval of the sale of all or substantially all of its assets as more particularly described in the Asset Purchase Agreement described below (the "Assets") free and clear of all liens, claims, interests, and encumbrances to Tricol International Group Limited or its newly formed affiliate ("Tricol") if there are no higher and better offers from qualified bidders at an auction scheduled for **April 4, 2016** commencing at **10:00 a.m.**

     The sale to Tricol is pursuant to an Asset Purchase Agreement dated January 6, 2016 between Tricol and Debtor ("APA") for the purchase price consisting of (a) $1,600,000 plus (b) the total amount of the Assumed Liabilities (as defined in the APA), plus (c) the amount required to maintain D&O tail insurance for Seller following the Closing (up to a maximum of $150,000), plus (d) the total obligation owed by Seller under the DIP Credit Facility (as defined in the APA), and (e) the total obligation owed under the Pre-Petition Loan (as defined in the APA). The total Purchase Price is approximately $3,600,000. The specific amount of the Purchase Price and Break-Up Fee will be announced prior to the start of the Auction. A copy of the APA was filed with the Court, and may also be obtained by contacting Debtor's counsel.

     The specific subsections of 11 U.S.C. § 363(f) Debtor relies upon for authority to sell the property free and clear of liens are: (2) and (4).

     Tricol has no relationship to Debtor.

     The gross sale is approximately $3,600,000.

     The DIP Credit Facility will be paid in full at closing.

     Sussex Associates, LP ("Sussex") holds a disputed claim in the approximate amount of $5,000,000 secured by certain assets of Debtor. The net purchase price of $1,600,000 or any increase resulting from the Auction will be impressed with any lien of Sussex pending further court order and resolution of the validity, priority, and extent of any lien. Sussex has waived its right to credit bid.

     Debtor believes that the sale to Tricol is in the best interests of the estate for the following reasons: (1) the sale will likely result in continued employment for many of Debtor's employees; (2) the sale will likely preserve business relationships and sales for vendors, customers and other parties who are presently doing business with Debtor; and (3) the sale will result in a prompt payment of a portion of the secured creditors' claim; (4) the sale will result in the payment of cure costs on executory contracts and certain key suppliers.

     The proposed order approving the sale provides that Tricol shall have no liability or responsibility for any liability or other obligation of Debtor arising under or related to the Assets other than as expressly set forth in the APA, and that the transfer of the Assets to Tricol will not

**Page 1 of 3 -** NOTICE OF MOTION TO APPROVE SALE OF ASSETS TO TRICOL INTERNATIONAL GROUP LIMITED OR HIGHER AND BETTER BIDDER AT AUCTION, AUCTION, BIDDING PROCEDURES, SALE HEARING, AND OBJECTION DEADLINES

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 16-30119-pcm11   Doc 99   Filed 02/10/16

Exhibit 2
Page 1 of 3

subject Tricol or its affiliates, successors or assigns, or their respective properties, to any liability for claims against Debtor or the Assets by reason of such transfer.

The reason for the sale prior to approval of a plan of reorganization is that Debtor is not likely to be able to sustain operations during a plan proposal and confirmation process.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 11 U.S.C. §§ 105 and 363, Debtor proposes to sell its assets to the Successful Bidder or Bidders and obtain an order providing and authorizing, *inter alia*, the following: (1) that the sale is free and clear of all liens, claims, interests, obligation, and encumbrances; (2) that the Successful Bidder or Bidders have not assumed any liability or obligation (except as specifically assumed); (3) that Successful Bidder or Bidders is not or are not successors to Debtor; (4) that all persons that have been served with this Notice are bound by the order and are enjoined from pursuing Successful Bidder or Bidders to recover on any claims they may have against Debtor; and (5) that the sale agreement or agreements were entered into in good faith, without collusion, and from arms' length bargaining positions.

**PLEASE TAKE FURTHER NOTICE** that the Court entered an order authorizing Debtor to hold an auction to sell the Assets free and clear of all liens, claims, encumbrances and other interests, as provided in the APA if an overbid is received. The auction, if one occurs, is scheduled for **April 4, 2016 at 10:00 a.m. Pacific time** at the offices of Tonkon Torp LLP, 888 SW Fifth Avenue, Suite 1600, Portland, Oregon.

**PLEASE TAKE FURTHER NOTICE** that the Court entered an order approving bidding procedures in connection with the sale and the auction. A copy of the Bid Procedures can be obtained from Debtor's counsel.

**PLEASE TAKE FURTHER NOTICE** that competing bidders are required to submit competing bids in the minimum amount of $450,000 in excess of the Purchase Price and otherwise qualify as bidders in accordance with the approved bidding procedures prior to **5:00 p.m. Pacific time on March 18, 2016**.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the proposed sale to Tricol, or any higher and better bidder at the auction (the "Sale Hearing"), is scheduled to be held on **April 6, 2016 at 10:00 a.m. Pacific Time**, or at such later time as may be announced at the Auction by Debtor, at the United States Bankruptcy Court for the District of Oregon, Courtroom 1, 1001 SW Fifth Avenue, Portland, Oregon.

**PLEASE TAKE FURTHER NOTICE** that if you wish to object to the sale of the Assets, you must, on or before **March 18, 2016 at 5:00 p.m. Pacific time**, file a written objection to the sale with the Clerk of the Court, United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, Seventh Floor, Portland, Oregon 97204.

**PLEASE TAKE FURTHER NOTICE** that **March 18, 2016 at 5:00 p.m. Pacific time** (the "Deadline") is the deadline for any party to a contract or lease (the "Assumed Agreements") that Debtor proposes to assume and assign to Tricol (or other higher and better bidder at the auction) to object to the amount Debtor asserts must be paid to cure any existing defaults under the Assumed Agreements (the "Cure Amounts"). The Assumed Agreements and the Cure Amounts proposed by Tricol will be set forth on an Assumption and Assignment Notice mailed to parties to those executory contracts or unexpired leases on or before **March 4, 2016**.

**PLEASE TAKE FURTHER NOTICE** that any party to an Assumed Agreement who disagrees with the Cure Amount or who objects to the assumption of its Assumed Agreement or to the assignment of its Assumed Agreement, must, on or before **March 18, 2016**, file with the Clerk of the Court, United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, Seventh Floor, Portland, Oregon 97204, a written objection stating the specific facts upon which the objection is based.

**Page 2 of 3 -**   NOTICE OF MOTION TO APPROVE SALE OF ASSETS TO TRICOL INTERNATIONAL GROUP LIMITED OR HIGHER AND BETTER BIDDER AT AUCTION, AUCTION, BIDDING PROCEDURES, SALE HEARING, AND OBJECTION DEADLINES

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Exhibit 2

Case 16-30119-pcm11    Doc 99    Filed 02/10/16    Page 2 of 3

**PLEASE TAKE FURTHER NOTICE** that unless a timely objection is filed as to a Cure Amount scheduled by Debtor, the Cure Amount scheduled by Debtor shall be binding upon the non-debtor party to such Assumed Agreement for all purposes in this Chapter 11 case and will constitute a final determination of the total Cure Amount required to be paid in connection with the assumption and assignment of such Assumed Agreement. Further, unless a timely objection is filed, no further evidence shall be required to satisfy the requirements for assumption and assignment, including, without limitation, any further evidence of adequate assurance of performance by Tricol or other qualified purchaser, and the nondebtor party to the Assumed Agreement shall be barred from objecting to the assumption and assignment of such Assumed Agreement and shall be deemed to consent to the assumption and assignment of the Assumed Agreement.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Cure Amounts and Debtor's proposed assumption and assignment of the Assumed Agreements is scheduled to be held on **April 6, 2016 at 10:00 a.m. Pacific time**, or at such later time as may be announced at the auction by Debtor, at the United States Bankruptcy Court for the District of Oregon, Courtroom 1, 1001 SW Fifth Avenue, Portland, Oregon.

Copies of any of the pleadings or documents referenced herein may be obtained by contacting Debtor's counsel, Albert N. Kennedy (E-mail: albert.kennedy@tonkon.com; telephone: 503-802-2013) or Timothy J. Conway (E-mail: tim.conway@tonkon.com; telephone: 503-802-2027).

DATED this _____ day of February, 2016.

TONKON TORP LLP

By _____
　　　Albert N. Kennedy, OSB No. 821429
　　　Timothy J. Conway, OSB No. 851752
　　　Attorneys for Debtor

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

## LIST OF INTERESTED PARTIES

*In re*
*HemCon Medical Technologies, Inc.*
U.S. Bankruptcy Court Case No. 16-30119-pcm11

### ECF PARTICIPANTS

### ECF PARTICIPANTS

- TIMOTHY J CONWAY    tim.conway@tonkon.com, nancy.kennedy@tonkon.com
  MARJORIE A ELKEN    marjorie@zupgroup.com; cheri@zupgroup.com
- DAVID A FORAKER    david.foraker@greenemarkley.com, mena.ravassipour@greenmarkley.com
- ALBERT N KENNEDY    al.kennedy@tonkon.com,
  leslie.hurd@tonkon.com;andy.haro@tonkon.com;spencer.fisher@tonkon.com
- SANFORD R LANDRESS    sanford.landress@greenemarkley.com, lori,pavey@greenemarkley.com
- CARLA G MCCLURG    USTPRegion18.PL.ECF@usdoj.gov
- CHRISTOPHER L PARNELL    cparnell@dunncarney.com, tschneider@dunncarney.com,
  taichele@dunncarneycom
- KATHRYN EVANS PERKINS    kathryn.e.perkins@usdoj.gov
- TARA J SCHLEICHER    tschleicher@fwwlaw.com, dfallon@fwwlaw.com;nlyman@fwwlaw.com
- MARGO D SEITZ    mseitz@fwwlaw.com, mburton@fwwlaw.com

### NON-ECF PARTICIPANTS

**COUNSEL FOR CREDITORS'
COMMITTEE:**

Matthew E. McClintock
Thomas R. Fawkes
Goldstein & McClintock LLLP
208 South LaSalle Street, Suite 1750
Chicago, IL 60613

**OTHER**

SEC
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

Jeff Cohen
United States Securities and
Exchange Co.
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102